## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: 0:14-CV-01229

| | |
|---|---|
| Dan Costello,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>　　　　　Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION

1.    This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4.    Plaintiff Dan Costello (hereinafter "Plaintiff") is a natural person who resides in the City of Minnetonka, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

-1-

5.    Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant") is a
      third-part debt buyer, collection agency and foreign business with a corporate
      headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502, and
      is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.    Sometime before December 2012, Plaintiff allegedly incurred a financial
      obligation that was primarily for personal, family or household purposes and
      is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely,
      credit extended by PayPal via GE Capital Retail Bank.

7.    The debt was then apparently purchased by Defendant, a third-party debt
      buyer, and placed for collection from Plaintiff.

8.    Plaintiff vigorously disputes owing the amount of the alleged debt that
      Defendant has attempted to collect from him; that being $6,876.94.

### *Defendant's Illegal Collection of An Amount Not Owed By Plaintiff*

9.    On or around July 23, 2013, Defendant sent a collection letter to Plaintiff
      demanding payment for this alleged debt, which was a "communication" in
      an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10.   Defendant's July 23, 2013, collection letter provided the following account
      details:

          Account/Reference No.:  5218531013035481
          SELLER: GE CAPITAL RETAIL BANK      *Balance:  ***$6,876.94***

**MERCHANT:  PAYPAL**
**ORIGINAL CREDITOR:  GE CAPITAL RETAIL BANK**
Creditor to Whom Debt is Owed:  Portfolio Recovery Associates, LLC.

(Bold and italic emphasis added).

11.     Notably, Defendant's July 23, 2013, collection letter demanded payment from

Plaintiff for $6,876.94, which is exactly $175.16 more than what is reflected

on account statements that were subsequently provided to Plaintiff by the

original creditor of this account, GE Capital Retail Bank.

12.     Upon well-grounded information and belief, prior to this July 23, 2013,

collection letter, Defendant made several attempts to collect this amount of

$6,876.94 from Plaintiff.

13.     After Plaintiff disputed this alleged debt, account statements from the original

creditor were provided to Plaintiff that showed a lesser amount due of

$6,701.78, or $175.16 less than the amount Defendant attempted to collect

from Plaintiff.

14.     Also, almost six months later, on or around January 16, 2014, Defendant sent

another collection letter to Plaintiff regarding this alleged debt, which was a

"communication" in an attempt to collect a debt as that term is defined by 15

U.S.C. § 1692a(2).

15.     Defendant's January 16, 2014, collection letter now provided the following

account details:

Account holder's Name Provided By Seller:  DAN COSTELLO
Account holder's Last 4 Digits of SSN:  XXXX (omitted)
Date Account Opened Provided by Seller:  12/10/2009
Balance at date of PRA, LLC purchase:  $6,701.78
Interest accrued since the date of purchase
or last payment to PRA, LLC:  $0.00
Costs and Other Fees:  $0.00

Total Balance:  ***$6,701.78***

(Bold and italic emphasis added).

16.     Notably, Defendant's January 16, 2014, collection letter provided the lower account balance of $6,701.78, despite Plaintiff not making any payments to Defendant on this alleged account.

17.     Moreover, Plaintiff has received correspondence from another third party debt collector attempting to collect this alleged debt from Plaintiff on behalf of Defendant.

18.     To date, all collection communications from this other third party debt collector have provided an account balance on this alleged debt of $6,701.78.

19.     Defendant failed to provide any explanation or breakdown as to why Plaintiff's account balance had now been reduced after he disputed this alleged debt.

20.     Plaintiff was confused and misled by Defendant's collection of different amounts on this alleged debt, and was frustrated by Defendant's attempts to

collect $175.16 more than what Defendant now claims is the amount actually owed on this alleged debt.

21.   Defendant's demand for payment in the total amount of $6,876.94 was $175.16 more than the amount of $6,701.78 that Defendant now claims is allegedly owed on this debt.

22.   Defendant's attempt to collect $6,876.94 from Plaintiff was a false representation as to the amount of this alleged debt in violation of the FDCPA at 15 U.S.C. § 1692e(2).

23.   Defendant's collection of this additional $175.16 was also an attempt to collect an amount not authorized by agreement or permitted by law in violation of the FDCPA at 15 U.S.C. § 1692f(1).

24.   Altogether, Defendant's demand for payment in the amount of $6,876.94 misled Plaintiff as to the amount actually owed and which was an otherwise unfair, false, and deceptive act in violation of the FDCPA.

25.   Defendant's false, deceptive and misleading representations to Plaintiff were material representations that affected and frustrated his ability to respond to Defendant because Plaintiff was puzzled and left to wonder how and why this alleged debt now decreased by $175.16.

26.   These communications from Defendant were deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in

violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

### *Summary*

27.   Overall, Defendant's above-described collection communications with Plaintiff falsely, materially, and unfairly misrepresented the amount of this alleged debt and were attempts to collect an amount that it was not entitled to, all in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

### *Respondeat Superior Liability*

28.   The acts and omissions of the individual employees and agents of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

29.   The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

30.   By committing these acts and omissions against Plaintiff, these individuals and the other debt collectors were motivated to benefit their principal, Defendant.

31.   Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

32.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

33.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.   The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

35.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**BARRY & HELWIG, LLC**

Dated: April 22, 2014

By:  **s/Patrick J. Helwig**
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209

Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA          )
                                ) ss
COUNTY OF HENNEPIN          )

Pursuant to 28 U.S.C. § 1746, Plaintiff Dan Costello, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____April_____  _____22_____, ____2014____
                 Month             Day           Year

_____
      Signature

-10-